## IN THE COURT UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **STEVEN TERRY,** | : | |
| | : | |
| *Plaintiff,* | : | **Case No. 2:24-CV-01200** |
| | : | |
| v. | : | **Judge Algenon L. Marbley** |
| | : | |
| **SHARON L. KENNEDY, et al.** | : | |
| | : | |
| *Defendants.* | : | |

### DEFENDANTS' MOTION TO DISMISS

Now come Defendants Justice Sharon L. Kennedy, Justice Patrick F. Fischer, Justice R. Patrick DeWine, Justice Michael P. Donnelly, Justice Melody J. Stewart, Justice Jennifer Brunner, Justice Joseph T. Deters (hereinafter "Defendants" or "Defendant Justices") and The Supreme Court of Ohio (hereinafter "Defendants"), by and through counsel, who respectfully request that the Court dismiss the Complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). A memorandum in support is attached.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

*/s/ Elizabeth H. Smith*

ELIZABETH H. SMITH (0076701)
*\*Counsel of Record*
Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Elizabeth.Smith@OhioAGO.gov

*Counsel for Defendants*

<u>**MEMORANDUM**</u>

## I.     INTRODUCTION

Plaintiff Steven Terry is a disbarred Ohio lawyer who has filed suit asserting that Ohio Gov. Bar R. V, Section 12(B) (the "Disbarment Rule") violates his constitutional rights under the Fourteenth Amendment Due Process Clause, Fourteenth Amendment Equal Protection Clause, Eighth Amendment prohibition against excessive fines, and First Amendment right to access the courts.  The Plaintiff claims that the U.S. Constitution gives him the right to seek reinstatement of his law license despite having been permanently disbarred for criminal malfeasance.

The Plaintiff is wrong as a matter of law and the Court should dismiss Plaintiff's action for a litany of reasons. *First*, Plaintiff's claims are time-barred as they were filed well outside the two-year statute of limitations applicable to 42 U.S.C. § 1983 claims. *Second*, Plaintiff's individual capacity claims are barred by judicial immunity. *Third*, the Supreme Court of Ohio is not *sui juris* and is not subject to suit. *Finally,* even if Plaintiff could overcome the statute of limitation and jurisdictional hurdles, his Complaint should nevertheless be dismissed because Plaintiff fails to state a claim upon which relief can be granted and, in at least one instance, seeks retroactive relief, which is barred by the Eleventh Amendment.

## II.     BACKGROUND

Plaintiff is a former Cuyahoga County Common Pleas Judge. ECF No. 1, PageID #5, at ¶ 23. In 2011, following indictment on multiple felonies related to a bribery-for-justice scheme, a jury found Plaintiff guilty of one felony count of conspiracy and two felony counts of honest services mail fraud. ECF No. 1, PageID #6, at ¶ 26-27. Plaintiff was sentenced to sixty-three months of incarceration and ordered to pay restitution, among other penalties. ECF No. 1, PageID

#6, at ¶ 26.[1] Following Plaintiff's release from prison disciplinary proceedings ensued and Plaintiff was permanently disbarred from the practice of law in Ohio in 2016. ECF No. 1, PageID #6, at ¶ 28.

On March 15, 2024, Plaintiff brought the instant suit naming the Supreme Court of Ohio and each of its Justices in their official and individual capacities. *See generally* ECF No. 1. Plaintiff invokes 42 U.S.C. § 1983 and seeks relief under multiple theories of recovery. First, he claims that Defendants' decision to disbar him violates the Fourteenth Amendment Due Process Clause and deprives disbarred persons of the allegedly fundamental right to practice law and to pursue their chosen profession, as well as impinges the property interest they allegedly possess in their license to practice law. ECF No. 1, PageID #9-10, ¶ 47, 48, 49, 50. Second, he alleges that his disbarment constitutes a violation of the Fourteenth Amendment Equal Protection Clause under the theory that Defendants treated his felony status differently than they treat newly admitted attorneys and permanently suspended attorneys. ECF No. 1, PageID #11-12, ¶ 63, 64, 65. Third, he argues that permanent disbarment is a violation of the Eighth Amendment prohibition against excessive fines. ECF No. 1, PageID #12, ¶ 71. Fourth and finally, he claims that permanent disbarment prevents him and other disbarred persons from accessing the courts in violation of the First and Fourteenth Amendments. ECF No. 1, PageID #13, at ¶ 75.

Plaintiff seeks (1) a declaration that the Disbarment Rule violates the United States Constitution; (2) a declaration that Disbarred Persons may petition the Supreme Court of Ohio for reinstatement; (3) prospective and permanent injunctive relief preventing Defendants from applying the Disbarment Rule; (4) an award of attorneys' fees and reasonable litigation costs; and

---

[1] *See United States v. Terry*, Case No. l:10-CR-390 (N.D. Ohio 2010).

(5) whatever further legal and/or equitable relief this Court deems just and proper. ECF No. 1, PageID #13-14.

## III. LAW AND ARGUMENT

### A. Standard of Review

Fed. R. Civ. P. 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. A civil complaint must establish that the claims set forth are within the subject matter jurisdiction of the court. *See Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). The plaintiff bears the burden of demonstrating that jurisdiction exists. *Id*. at 760.

Even if Plaintiff's Complaint could overcome the jurisdictional bar, his Complaint nevertheless fails to plead facts which state a cognizable claim. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must allege sufficient facts that, accepted as true, 'state a claim to relief that is plausible on its face.'" *Strayhorn v. Wyeth Pharmaceuticals, Inc.*, 737 F.3d 378, 387 (6th Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court construes the facts in the light most favorable to the non-moving party and accepts as true "all well-pled factual allegations." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.* (internal quotation marks omitted). This is because "the pleading standard Rule 8 announces . . . demands more than

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Relevant here, a complaint must "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *Kreipke v. Wayne State. Univ.*, 807 F.3d 768, 774 (6th Cir. 2015); *see also D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014).

### B. Plaintiff's Complaint is barred by the 2-year statute of limitations.

Plaintiff's Complaint, which is comprised of 42 U.S.C. 1983 claims, can be disposed of summarily on statute of limitations grounds. Because § 1983 has no statute of limitations, courts "borrow one from the most analogous state cause of action," and, in Ohio, that is the two-year limitations period for personal-injury claims. *Endres v. Ne. Ohio Med. Univ.*, 938 F.3d 281, 292 (6th Cir. 2019); *see also Franks v. Chairperson,* No. 23-3342, 2024 U.S. App. LEXIS 7869, at *4 (6th Cir. 2024). However, Federal law determines when a cause of action accrues and thus when the statutory period begins. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). "Ordinarily, the limitations period starts to run 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997) (quoting *Sevier* v. *Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

In this case, Plaintiff was informed of his disbarment on February 25, 2016. ECF No. 1, PageID #6, ¶ 28; *see also, Disciplinary Counsel v. Terry*, 147 Ohio St.3d 169, 2016-Ohio-563.[2] Plaintiff's claims therefore accrued on that date. The instant action was filed March 25, 2024, more

---

[2] "In addressing a motion to dismiss, the Court may consider "exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016); *see also Worick Land Holdings, LLC v. Scott Cty. Rural Land Mgt. Bd., Inc.*, E.D.Ky. Civil Action No. 5: 23-049-DCR, 2023 U.S. Dist. LEXIS 99857, at *4 (June 8, 2023).

than eight years after the claims accrued. Plaintiff failed to properly prosecute his constitutional claims within the applicable two-year statute of limitations. Accordingly, Plaintiff's Complaint was not timely filed and must be dismissed.

### C. The Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

#### 1. Defendants are entitled to absolute judicial immunity as to Plaintiff's individual capacity claims.

Plaintiff's individual capacity claims are similarly barred because the Defendant Justices are entitled to absolute judicial immunity. Judges are absolutely immune from suits pursuant 42 U.S.C. § 1983 arising from their performance of judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); *see also Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Traditionally, judges have enjoyed broad immunity from suit for judicial acts"). "There are only two exceptions to judicial immunity: A judge is not immune from suits for acts that are (1) not judicial in nature or (2) performed without jurisdiction." *Burnham v. Friedland*, No. 21-3888, 2022 U.S. App. LEXIS 21424, at *3 (6th Cir. 2022). Justices of the Supreme Court of Ohio performing their duties related to attorney discipline are acting in their judicial capacity. *See Purola v. Hall*, No. 2:22-cv-3885, 2023 U.S. Dist. LEXIS 30752, at *9 (S.D. Ohio Feb. 23, 2023); *Padgett v. Kentucky*, No. 1:21-cv-12, 2021 U.S. Dist. LEXIS 10982, at *7 (S.D. Ohio 2021). And bar discipline is the responsibility of the Supreme Court of Ohio under Ohio law. *Id.; See* Ohio Const. art. IV, §2(B)(1)(g).

While Plaintiff may disagree with their decision, the Defendant Justices' participation in his disciplinary proceedings were all taken in the course of their duties as Justices of the Supreme Court of Ohio. Neither exception to judicial immunity applies because the Ohio Supreme Court

has explicit jurisdiction over disciplinary proceedings. Thus, Defendants are entitled to absolute judicial immunity for any claims against them for monetary damages in their individual capacities.

Moreover, Plaintiff herein also seeks injunctive relief. He cannot get such relief from the Defendant Justices in their individual capacities and therefore these claims also fail. "[A] plaintiff cannot "sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, *i.e.*, his official capacity." *Lee v. George*, No. 3:11-CV-00668, 2012 U.S. Dist. LEXIS 70313, at \*3-4 (W.D. KY 2012); *See also, Cmty. Mental Health Servs. of Belmont v. Mental Health & Recovery Bd. Serving Belmont, Harrison, & Monroe Counties*, 150 F. App'x 389, 401 (6th Cir. 2005);  *Constantino v. Michigan Dep't of State Police*, 707 F. Supp. 2d 724, 731-732 (W.D.Mich. Apr. 16, 2010) (claim for injunctive relief against state official in his individual capacity dismissed because that relief can only be obtained in a suit against the defendant in his official capacity). Thus, Plaintiff's claims against the Defendant Justices in their individual capacities must be dismissed.

### 2. The Supreme Court of Ohio is not *sui juris* and therefore is not subject to suit.

Moreover, any claim against the Supreme Court of Ohio necessarily fails as it is not *sui juris* and cannot be sued. "A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law." *Todd* v. *United States*, 158 U.S. 278, 284 (1895). The Supreme Court of Ohio has long held – and this Court has long agreed - that Ohio Courts are not sui juris and are not eligible to sue or be sued absent specific statutory authority. *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St. 2d 120, 121, 296 N.E.2d 544 (1973); *see also Cimerman v. Cook*, 561 F.App'x 447, 450 (6th Cir. 2014).

In this matter, Plaintiff does not reference any express statutory authority that permits him to sue "The Supreme Court of Ohio." In fact, no statutory authority exists. ECF No. 1, PageID #2, at ¶ 3. Plaintiff therefore fails to state a claim upon which relief can be granted as to that Defendant, and any claims directed at the Supreme Court of Ohio should be summarily dismissed.

### D. Jurisdictional defects and Statute of Limitations aside, Plaintiff fails to state a claim upon which relief can be granted.

#### 1. Plaintiff fails to state valid substantive due process claim.

Plaintiff's fails to allege the two necessary components of a due process claim. To state a claim for a substantive due process violation, "a plaintiff must allege (1) a constitutionally protected interest that (2) was deprived by arbitrary and capricious state action." *Rover Pipeline LLC v. Zwick*, No. 22-3370, 2022 U.S. App. LEXIS 33144, 2022 WL 17336502, at *7 (6th Cir. 2022) (internal citation omitted). A plaintiff "must provide a careful description" of the claimed constitutionally protected interest. *Clark v. Jackson*, No. 22-5553, 2023 U.S. App. LEXIS 8318, 2023 WL 2787325, at *5 (6th Cir. 2023). State conduct is "arbitrary and capricious" when it "either lacks a rational basis or is willful and unreasoning." *GMS Dev. Holding* Co. 3, *LLC v. Bloomfield Twp.*, 740 F. App'x 495, 496 (6th Cir. 2018) (internal quotation marks and citations omitted). Failure to meet any of these requirements is grounds for dismissal. *See, e.g., Guillard v. Pyle,* No. 2:22-cv-1960, 2023 U.S. Dist. LEXIS 85967, at *10 (S.D. Ohio 2023). Here, Plaintiff misses the mark. He neither alleges a protected property interest nor that the State's action in disbarring him was arbitrary or capricious. His due process claim is therefore without merit.

##### i. Plaintiff fails to allege a protected liberty interest.

Plaintiff fatally fails to allege a protected liberty interest impacted by the Disbarment Rule. The substantive Due Process Clause protects only "those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition and implicit in the concept of

ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 720-21, 117 S. Ct. 2258, 117 S. Ct. 2302, 138 L. Ed. 2d 772 (1997) (internal quotation marks and citations omitted). The list of fundamental rights and liberties is "short" and "includes the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity. . . and possibly the right to refuse unwanted lifesaving medical treatment." *Seal v. Morgan*, 229 F.3d 567, 574-75 (6th Cir. 2000); *Benjamin v. Brachman*, 246 F. App'x 905, 918 (6th Cir. 2007) ("The interests protected by substantive due process are of course much narrower than those protected by procedural due process"). Plaintiff alleges a deprivation of three primary interests: (a) his alleged fundamental right to practice law; (b) his right to pursue the legal profession after his disbarment, and (3) his property interest in his law license. But none of these purported interests are constitutionally protected under the Fourteenth Amendment substantive Due Process Clause. Plaintiff therefore fails to state the first necessary component of a valid substantive due process claim, warranting dismissal of his claim.

> ### a.  *Plaintiff Does Not Have a Fundamental Right to Practice Law.*

Plaintiff first alleges that the Disbarment Rule infringes on his fundamental right to practice law. Compl., ECF No. 1, PageID #10, ¶ 51. But it is well-settled that a license to practice law is not a fundamental right. *Bartko v. Goetz,* No. 22-12985, 2023 U.S. Dist. LEXIS 213245, at *19 (E.D. Mich 2023); *see also T.W. v. New York State Bd. Of Law Examiners*, 2022 U.S. Dist. LEXIS 127877, 2022 WL 2819092, at *6 (E.D.N.Y. 2022); *Block v. Tex. Bd. Of L. Examiners*, No. 18-cv-386, 2019 U.S. Dist. LEXIS 16942, 2019 WL 433734, at *3 (W.D. Tex. 2019) ("This Court's research indicates that every court that has addressed the issue has concluded that the practice of law is not a fundamental right"). Plaintiff's citation to *Baldwin v. Montana Fish & Game*

*Commission* in support of this proposition is simply unfounded. 436 U.S. 371, 98 S. Ct. 1852, 56 L.Ed.2d 354 (1978). The *Baldwin* case upheld a Montana law which charged Montana residents a lower fee than non-residents for the right to hunt within the State. The Court concluded that hunting was not a basic or fundamental right, and the Montana licensing system and higher fee for non-residents was constitutional under the rational basis standard because it bore a rational relationship to the legitimate state purpose of conservation of resources. The *Baldwin* case does not stand for the proposition that the right to practice law – or engage in any *particular* profession – is a fundamental right. Plaintiff's suggestion otherwise is misleading. Simply, Plaintiff has not demonstrated a fundamental right to practice law. Nor is there any authority supporting such a right. Plaintiff's conclusory and unsupported theories are insufficient to survive dismissal.

        *b. Plaintiff Does Not Have a Protected Liberty Interest in Pursuing The Practice of Law Post-Disbarment.*

Plaintiff next alleges that the Disbarment Rule violates a person's liberty interest in pursuing a chosen profession. ECF No. 1, PageID #10, ¶ 50. While it is broadly true the Fourteenth Amendment's Due Process Clause "includes some generalized due process right to one's field of private employment," it is a right that is "nevertheless subject to reasonable governmental regulation." *See Conn v. Gabbert*, 526 U.S. 286, 291-92, 119 S. Ct. 1292, 143 L. Ed. 2d 399 (1999). Generally, a state's professional licensing requirements only violate due process "when they have no relation to such calling or profession, or are unattainable by such reasonable study and application" and therefore "operate to deprive one of his right to pursue a lawful vocation"). *Dent v. West Virginia*, 129 U.S. 114, 122, 9 S. Ct. 231, 32 L. Ed. 623 (1889); *see also Lawrence v. Pelton*, No. 20-2011, 2021 U.S. App. LEXIS 10367, at *13 (6th Cir. 2021); *Benjamin v. Brachman*, 246 F. App'x 905, 919 (6th Cir. 2007).

In the case of attorney regulation, it is well settled that "[the] interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'" *Goldfarb* v. *Virginia State Bar*, 421 U.S. 773, 792 (1975). Ohio courts have repeatedly held that "The primary purpose of judicial discipline is to "to protect the public, guarantee the evenhanded administration of justice, and maintain and enhance public confidence in the integrity of [the] institution." *Ohio State Bar Ass'n v. Mason*, 2017-Ohio-9215, ¶ 33, 152 Ohio St. 3d 228, 234, 94 N.E.3d 556, 562.

Plaintiff was charged with multiple felonies related to a bribery-for-justice scheme and sentenced to sixty-three months in prison. ECF No. 1, PageID #6, ¶ 26-27. Disbarment pursuant to Gov. Bar. R. V, Section 12(B) is government regulation designed to protect citizens of the State of Ohio and is well within a state's right to regulate the professionals operating within its borders. No authority exists to support Plaintiff's summary proposition that he has a protected liberty interest pursuit of a legal career in the State of Ohio *post-disbarment*. That is because the right to pursue a legal career post-disbarment is not a right or liberty interest protected by substantive due process. Accordingly, Plaintiff's theory fails to meet the threshold requirement to state a Fourteenth Amendment Due Process claim.

### c. *Plaintiff Does Not Have a Protected Property Interest in His Law License.*

Finally, Plaintiff attempts to support his substantive Due Process Claim by alleging that the Disbarment Rule deprives disbarred persons of a protected property interest. ECF No. 1, PageID #10, ¶ 52. For a property interest to warrant protection under the Fourteenth Amendment Due Process Clause, a state law must create a legitimate entitlement to a benefit or a justifiable expectation of receiving it. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756, 125 S. Ct. 2796,

2800 (2005). A State's decision to offer benefits or licenses does not create a property interest "if government officials may grant or deny it in their discretion." *Id.* An attorney's license to practice law in Ohio is discretionary. It is conditioned on a lawyer's adherence to the unambiguous standards of conduct prescribed by the Ohio Supreme Court, along with other requirements for maintaining his membership. *Shimko v. Lobe*, 103 Ohio St.3d 59, 2004-Ohio-4202, 813 N.E.2d 669, ¶ 54 (recognizing that the practice of law is not a right but an extraordinary privilege bestowed by [the Ohio Supreme Court] on those persons who meet the qualifications for admission and continue to maintain the standard of ethical conduct prescribed by the rules of the court); *In re Coll, 2017-Ohio-4023*, ¶ 20, 150 Ohio St. 3d 183, 188-89, 80 N.E.3d 457, 462; Ohio Rev. Code. § 4705.02 ("The supreme court, court of appeals, or court of common pleas may suspend or remove an attorney at law from office or may give private or public reprimand to him as the nature of the offense may warrant").

Plaintiff's right to his law license is not a fundamental right protected by substantive due process. Any property interest Plaintiff may have had in his law license was protected by *procedural* due process, but that interest was summarily extinguished when he was afforded adequate due process prior to his disbarment. *Disciplinary Counsel v. Terry*, 147 Ohio St.3d 169, 2016-Ohio-563. Substantive due process does not afford Plaintiff a fundamental right to practice law, nor does it provide him some fundamental right to the possession of a law license. Accordingly, Plaintiff substantive due process claim fails as a matter of law.

### ii. Ohio's attorney licensing requirements are neither "arbitrary" or "capricious."

Even if this Court determines that the Disbarment Rule infringes on a protected liberty or property interest, Plaintiff fails to allege that Ohio's attorney licensing requirements are arbitrary or capricious. To withstand dismissal, Plaintiff would be required to assert that the State action

was "arbitrary and capricious action' in the *strict* sense." *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1221 (6th Cir. 1992). This means that Plaintiff "must show 'that there is no rational basis'" for the infringement. *Johnson v. Morales*, 946 F.3d 911, 937 (6th Cir. 2020) (quoting *Pearson*, 961 F.2d at 1221)). There are "various contexts in which courts have found that substantive due process is violated—including that the action was 'willful and unreasoning,' 'shocks the conscience,' was 'extreme[ly] irrational[],' or lacks 'some factual basis.'" *Id.* at 937, n.4 (quoting *Pearson*, 961 F.2d at 1221-22.); *see also L.O.I. Prop., LLC v. Butler Cty.*, No. 22-3512, 2023 U.S. App. LEXIS 11113, at *21-22 (6th Cir. 2023).

Plaintiff has failed to even allege that the Disbarment Rule or its application against him is arbitrary and capricious or, in other words, is unreasoning, shocks the conscience, was extremely irrational, or lacked factual basis. And even if Plaintiff had done so, his Due Process Claim nevertheless cannot succeed as a matter of law. It is undisputed that States enjoy broad power to regulate "the practice of professions within their boundaries." *Goldfarb*, 421 U.S. at 792 (1975); *see also In re Primus*, 436 U.S. 412, 422, 98 S. Ct. 1893, 1899 (1978). And it is well settled that "[the] interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'" *Id.* Indeed, Ohio courts have repeatedly explained that the primary purpose of judicial discipline is to benefit the State of Ohio and its citizens, not to unduly punish members of the bar. *Disciplinary Counsel v. O'Neill*, 103 Ohio St. 3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 33; *see also Ohio State Bar Ass'n v. Mason*, 2017-Ohio-9215, ¶ 33, 152 Ohio St. 3d 228, 234, 94 N.E.3d 556, 562. ("The primary purpose of judicial discipline is "to protect the public, guarantee the evenhanded administration of justice, and maintain and enhance public confidence in the integrity

of [the] institution."); *Disciplinary Counsel v. Sarver*, 2020-Ohio-5478, ¶ 27, 163 Ohio St. 3d 371, 377, 170 N.E.3d 799, 805.

Plaintiff does not allege that the Disbarment rule is not rationally designed to support an efficient and ethical system of regulating the profession. Of course, permanent disbarment of a potentially dangerous individual serves the state's interest in protecting its citizens and regulating the professionals practicing within its borders. Plaintiff was convicted of multiple felonies related to a bribery-for-justice scheme and sentenced to sixty-three months in prison. ECF No. 1, PageID #6, ¶ 26-27. His disbarment was not arbitrary and capricious, and accordingly his Fourteenth Amendment Due Process claim should be dismissed.

Ultimately, Plaintiff fatally fails to set forth a liberty or property interest protected by the Fourteenth Amendment Due Process Clause under any theory. There is no protected liberty interest in the practice of law, or to pursue the practice of law after disbarment. Further, Plaintiff cannot demonstrate any protected property interest in his law license because none exists. But even if such protected liberty or property interests exist, Plaintiff has not and cannot allege that that the Disbarment Rule is not rationally related to the State's interest in protecting its citizens. Accordingly, Plaintiff fatally fails to state both necessary elements of a viable due process claim.

## 2. Plaintiff fails to State a valid equal protection claim. Even if he had, the relief he seeks would be retroactive and Defendants are immune under the Eleventh Amendment.

Plaintiff does not meet the threshold requirements to state an equal protection claim, and even if he did, the Defendants are afforded immunity under the Eleventh Amendment. To state an equal protection claim, a plaintiff must adequately plead that (1) the government treated the plaintiff disparately as compared to similarly situated persons, and (2) that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis. *Ctr. For Bio-*

13

*Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6ᵗʰ Cir. 2011). Plaintiff has not met this burden.

        *a.   Plaintiff does not state an equal protection claim that can withstand dismissal.*

Although Plaintiff advances multiple theories, he fails to plead a cognizable equal protection claim. First, that the Disbarment Rule irrationally precludes a disbarred person from petitioning for reinstatement regardless of rehabilitation, circumstance, or present fitness and moral character. ECF No. 1, PageID #11, ¶ 63. Second, that it is impermissible to allow some persons to practice law upon proof of rehabilitation but to deny that same opportunity to Disbarred Persons. ECF No. 1, PageID #11, at ¶ 64-65. As an initial matter, Plaintiff's first two theories fail because the Sixth Circuit has clearly stated that pursuing one's chosen profession does not implicate a fundamental right for purposes of the equal protection clause. *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 2003) ("There is no basis in law for the argument that the right to pursue one's chosen profession is a fundamental right for the purpose of invoking strict scrutiny under the Equal Protection clause."); *see also ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 748 n.13 (M.D. Tenn. 2021). As such, the State's regulation of attorney licensing meets the rational basis test as a tool to protect the public and guarantee the evenhanded administration of justice.

Plaintiff's third equal protection theory appears to be that he received disparate treatment compared to similarly situated individuals on the basis of his race.[3] ECF No. 1, PageID #7, at ¶ 29. But Plaintiff has failed to identify similarly situated individuals with the necessary degree of specificity required to plead an Equal Protection claim. "'Similarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. Of Armada*, 801 F.3d

---

[3] Plaintiff does not advance this theory under his Equal Protection cause of action (Second Count) but instead includes some argument to this effect in the facts section of his Complaint. ECF No. 1, PageID #7, at ¶ 29-30. Defendants address it here out of an abundance of caution.

630, 650 (6ᵗʰ Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6ᵗʰ Cir. 2011)); *see also Nordlinger*, 505 U.S. at 10; *Tree of Life Christian Sch. V. City of Upper Arlington*, 905 F.3d 357, 368 (6ᵗʰ Cir. 2018). A failure to identify a similarly situated individual is fatal to an Equal Protection claim. *Marshall v. Wayne Cty.*, No. 22-1499, 2023 U.S. App. LEXIS 7693, at *8 (6th Cir. Mar. 30, 2023). *See also Lindsay v. Yates*, 578 F.3d 407, 417 (6th Cir. 2009) (explaining that something undesirable happening to a member of a protected class, without more, does not give rise to an inference that it happened *because* he was a member of a protected class).

As proof of disparate treatment, Plaintiff appears to cite the cases of Bridget McCafferty and Marc Dann. ECF No. 1, PageID #7, at ¶ 29-30. Ms. McCafferty was a Common Pleas judge who was convicted as part of the Cuyahoga County justice-for sale corruption scandal. ECF No. 1, PageID #7, at ¶ 29. Marc Dann held the office of Ohio Attorney General and entered an *Alford* plea to the charge of soliciting improper compensation and pled guilty to filing false financial disclosures. ECF No. 1, PageID #1, at ¶ 30. However, these individuals are not similarly situated to Plaintiff because they were not convicted and sentenced for the same crimes as Plaintiff. A jury found Plaintiff guilty of one count of conspiracy to commit mail fraud and honest services mail fraud, and two counts of honest services mail fraud. ECF No. 1, PageID #6, at ¶ 26. Plaintiff's Complaint does not specify what crimes Ms. McCafferty was convicted of, but it appears that she was convicted of lying to the FBI. ECF No. 1, PageID #7, at ¶ 29; see also *Ohio State Bar Assn. v. McCafferty*, 140 Ohio St.3d 229, 2014-Ohio-3075, 17 N.E.3d 521.[4] Moreover, the crimes that Mr. Dann was convicted of are clearly inapposite to Plaintiff's conviction. *Id*. at ¶ 30; see also

---

[4] While McCafferty and Dann's disciplinary proceedings are not attached to Plaintiff's Complaint, this Court is well within its rights to review them as they are public decisions and are referred to in the complaint. Moreover, to the extent that Plaintiff is attempting to set forth a disparate impact equal protection claim but reference therein, these decisions are central to his claims. *See Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)*, supra* note 2.

*Disciplinary Counsel v. Dann*, 134 Ohio St.3d 68, 2012-Ohio-5337, 979 N.E.2d 1263. These individuals are not "similarly situated" and Plaintiff has failed to sufficiently allege that they are in his Complaint.

    *b. Plaintiff's equal protection claim is barred by the Eleventh Amendment.*

Plaintiff's race-based disparate treatment claim begs for retrospective relief, and as such is barred by the Eleventh Amendment. The Eleventh Amendment acts as a jurisdictional bar to "all suits, whether for injunctive, declaratory or monetary relief" brought by individuals against a state. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quotations omitted). "There are three exceptions to a State's sovereign immunity: (a) when the State has consented to suit; (b) when the exception first set forth in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), ¶14, applies; and (c) when Congress has properly abrogated a State's immunity." *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008).

The State is entitled to Eleventh Amendment immunity and none of the exceptions apply to save Plaintiff's claims. The State of Ohio has not waived its Eleventh Amendment immunity, and Congress has not expressed its intent to abrogate it. *See Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) ("Congress did not disturb the states' eleventh amendment immunity when it passed § 1983"). Moreover, to the extent that Plaintiff frames his request for retroactive relief as a claim for *prospective* injunctive relief, it is simply a poor attempt to circumvent immunity and plug his case into the exception. It is clear from his equal protection claim that Plaintiff in this case is seeking to have a *prior action* by the Justices and The Ohio Supreme Court – his disbarment – declared null and void. While Plaintiff walks a careful line in his attempt to frame his case as one for prospective injunctive relief, attempting to shoehorn his requested relief into the *Ex Parte Young* exception, his equal protection claim cannot be so neatly placed to avoid the State's

Eleventh Amendment immunity. The only available redress for such a claim, if he can articulate one at all, is the recission of his permanent disbarment that occurred more than eight years ago. Not only does Plaintiff fail to make out a colorable disparate impact claim, he also fails to identify constitutional relief that would actually redress his alleged injury. Irrespective of how he frames his request for relief, it is clear that what Plaintiff really seeks in pursuit of his equal protection claim is *retroactive* relief. The *Ex parte Young* exception is therefore inapplicable, despite Plaintiff's conclusory assertion otherwise. Accordingly, Plaintiff has failed to state an Equal Protection claim, and this claim should be dismissed.

### 3. The Eighth Amendment is not applicable to attorney disbarment.

The Eighth Amendment protection against excessive fines is plainly inapplicable to attorney disbarment. The Eighth Amendment of the United States Constitution provides that "excessive fines" shall not be imposed. U.S. Const. amend. VIII. The Excessive Fines Clause "limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" *United States v. Bajakajian*, 524 U.S. 321, 328, 118 S. Ct. 2028, 141 L. Ed. 2d 314 (1998) (quoting *Austin v. United States*, 509 U.S. 602, 609-10, 113 S. Ct. 2801, 125 L. Ed. 2d 488 (1993)). Punishments that do not constitute a "payment in cash or in kind" are not subject to the Excessive Fines Clause. *Sessler v. C.C.C.S.E.A.*, No. 1:14-CV-0058, 2014 U.S. Dist. LEXIS 90922, at *11-12 (N.D.Ohio 2014) (revocation of a driver's license not considered a "fine" for Excessive Fines Clause purposes); *see also In re Sharp*, 674 A.2d 899, 900 (D.C.1996) (stating that the revocation of an attorney's license to practice law does not invoke the Excessive Fines Clause because is not a payment). Disbarment does not involve payment in cash or in kind, accordingly it is not subject to the Excessive Fines Clause. Plaintiff has not cited any authority to the contrary. Plaintiff's Eighth Amendment claim should therefore be dismissed.

####    4.    Plaintiff fails to state a claim under the First Amendment.

"[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741, 103 S. Ct. 2161, 76 L. Ed. 2d 277 (1983). Accordingly, the Constitution guarantees that all citizens have a reasonably adequate opportunity to raise constitutional claims before impartial judges. See, e.g., *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). To state a claim for denial of access to the courts, a plaintiff must plead facts showing that he was prejudiced by the alleged violation. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, a plaintiff must plead that his lack of access to actually hindered his efforts to pursue a non-frivolous legal claim. *See Lewis*, 518 U.S. at 351-53 (1996); *Clark v. Corrections Corp. of America*, 113 F. App'x 65, 68 (6th Cir. 2004) (affirming *sua sponte* dismissal of a prisoner's claim of denial of access to the courts where the prisoner "offered no factual allegation suggesting that defendants prevented him from presenting a non-frivolous legal claim"). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

Plaintiff fails to state a claim for denial of access to the courts because he alleges no facts suggesting that Defendants prevented him from presenting a non-frivolous legal claim. Plaintiff alleges Defendants violated his right to access the courts by instructing the Clerk of Courts for the Supreme Court of Ohio "to refuse to accept petitions for reinstatement," thereby denying him access to the courts. ECF No. 1, PageID #7, at ¶ 26. But because a disbarred attorney cannot be reinstated under the rules, a cause of action for reinstatement does not exist. His petition for reinstatement lacks an arguable basis in law and is thus frivolous. Plaintiff was not prevented from presenting a non-frivolous legal claim before the Supreme Court of Ohio. As such, Plaintiff fails

to identify a valid cause of action that Defendants prevented him from pursuing, and therefore, he has failed to plead a First Amendment access-to-courts claim.

## IV. CONCLUSION

For the foregoing reasons, the Defendants respectfully asks this Court to dismiss all claims against them.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

*/s/ Elizabeth H. Smith*
ELIZABETH H. SMITH (0076701)
*\*Counsel of Record*
Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Elizabeth.Smith@OhioAGO.gov

*Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that the foregoing *Defendant's Motion to Dismiss* was electronically filed with the

U.S. District Court for the Southern District of Ohio on May 20, 2024.  Notice of this filing will

be sent to all parties by operation of the Court's electronic filing system.

*/s/ Elizabeth H. Smith*
ELIZABETH H. SMITH (0076701)
Assistant Attorney General