IN THE COURT UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| STEVEN TERRY, | : |
| *Plaintiff,* | : Case No. 2:24-CV-01200 |
| v. | : Judge Algenon L. Marbley |
| SHARON L. KENNEDY, et al. | : |
| *Defendants.* | : |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Now come Defendants Justices Sharon L. Kennedy, Patrick F. Fischer, R. Patrick DeWine, Jennifer Brunner, Joseph T. Deters, Megan E. Shanahan, and Daniel R. Hawkins[1], and for their Answer to Plaintiff's Complaint state as follows:

1. As to Paragraph 1, the Court has ruled that "the case *sub judice* challenges the constitutionality of an ongoing rule" and not "particular conduct." Doc. 22 at PageID 1111. Defendants accordingly admit only that Plaintiff purports to bring a "general challenge" to the constitutionality of the Ohio Supreme Court Rules for the Government of the Bar, Rule V, Section 12(B). Defendants deny that Plaintiff is entitled to any relief.

---

[1] This Court has dismissed all claims against Defendants in their individual capacities, and when a public officer who is a party in an official capacity ceases to hold office while the action is pending, their successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Following Ohio's 2024 general election, former Justices Michael P. Donnelly and Melody J. Stewart no longer sit on the Supreme Court of Ohio. In that election, Justice Deters ran against and replaced former Justice Stewart, Justice Shanahan ran against and replaced former Justice Donnelly, and Justice Hawkins was elected to Justice Deters' vacant seat.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and such allegations are, therefore, denied.

3. Defendants admit the allegations contained in Paragraph 3.

4. As to Paragraph 4, Defendants admit that Sharon L. Kennedy currently is the Chief Justice of the Supreme Court of Ohio. Defendants deny the remaining allegations contained therein. Further answering, this Court dismissed all claims against the Defendants in their individual capacities. *See* Doc. 22.

5. As to Paragraph 5, Defendants admit that Patrick F. Fischer is a Justice of the Supreme Court of Ohio. Defendants deny the remaining allegations contained therein. Further answering, this Court dismissed all claims against the Defendants in their individual capacities. *See* Doc. 22.

6. As to Paragraph 6, Defendants admit that R. Patrick DeWine is a Justice of the Supreme Court of Ohio. Defendants deny the remaining allegations contained therein. Further answering, this Court dismissed all claims against the Defendants in their individual capacities. *See* Doc. 22.

7. Defendants deny the allegations contained in Paragraph 7. Further answering, Michael P. Donnelly is not a proper party to this action. The Court has dismissed all claims against Defendants in their individual capacities, and, by operation of Fed. R. Civ. P. 25(d), the successor to Michael P. Donnelly's office is automatically substituted as a party with respect to the remaining official-capacity claims against him.

8. Defendants deny the allegations contained in Paragraph 8. Further answering, Melody J. Stewart is not a proper party to this action. The Court has dismissed all claims against Defendants in their individual capacities, and, by operation of Fed. R. Civ. P. 25(d), the successor to Melody J. Stewart's office is automatically substituted as a party with respect to the remaining official-capacity claims against her.

9. As to Paragraph 9, Defendants admit that Jennifer Brunner is a Justice of the Supreme Court of Ohio. Defendants deny the remaining allegations contained therein. Further answering, this Court dismissed all claims against the Defendants in their individual capacities. *See* Doc. 22.

10. As to Paragraph 10, Defendants admit that Joseph T. Deters is a Justice of the Supreme Court of Ohio. Defendants deny the remaining allegations contained therein. Further answering, this Court dismissed all claims against the Defendants in their individual capacities. *See* Doc. 22.

11. As to Paragraph 11, Defendants admit that The Supreme Court of Ohio possesses the authority to govern the Bar in the State of Ohio. Defendants deny the remaining allegations contained therein.

12. Defendants deny the allegations in Paragraph 12.

13. As to Paragraph 13, Defendants admit they have performed their official duties in Franklin County, Ohio. Defendants deny the remaining allegations contained therein.

14. Paragraph 14 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny same.

15. Paragraph 15 contains legal conclusions that do not require a response. To the extent a response is required, Defendants admit same.

16. Paragraph 16 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny same and further deny that Plaintiff is entitled to relief.

17. Paragraph 17 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny same and further deny that Plaintiff is entitled to any relief.

18. Paragraph 18 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny same.

19. Paragraph 19 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny same and further deny that Plaintiff is entitled to any relief.

20. Paragraph 20 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny same.

21. Defendants admit the allegations contained in Paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and such allegations are, therefore, denied.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and such allegations are, therefore, denied.

24. As to Paragraph 24 through Paragraph 30, the Court has ruled that "the case *sub judice* challenges the constitutionality of an ongoing rule" and not "particular conduct." Doc. 22 at PageID 1111. Therefore, no response to the allegations in Paragraph 24 through Paragraph 30 is required. To the extent a response is required, the facts alleged in Paragraph 24 through Paragraph 30 have already been adjudicated by a state court of competent jurisdiction. *See* Ex. A, *Disciplinary Counsel v. Terry*, 147 Ohio St.3d 169, 2016-Ohio-563; Ex. B, *Disciplinary Counsel v. Dann*, 134 Ohio St.3d 68, 2012-Ohio-5337; Ex. C, *Ohio State Bar Assn. v. McCafferty*, 140 Ohio St.3d 229, 2014-Ohio-3705. To the extent the allegations in Paragraph 24 through Paragraph 30 misconstrue those adjudicated facts, Defendants deny same.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and such allegations are, therefore, denied.

26. Defendants admit the allegations contained in Paragraph 32.

27. Defendants admit the allegations contained in Paragraph 33.

28. Defendants admit the allegations contained in Paragraph 34.

29. Defendants admit the allegations contained in Paragraph 35.

30. As to Paragraph 36, Defendants admit that the Supreme Court of Ohio may re-instate a person to the practice of law in accordance with the Rules for the Government of the Bar.

31. Defendants deny the allegations in Paragraph 37.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and such allegations are, therefore, denied.

33. Defendants admit the allegations in Paragraph 39.

34. Defendants deny the allegations in Paragraph 40. Further answering, the Supreme Court of Ohio entered an Order reflecting the Court's decision to deny Plaintiff's motion. The Court's Order was signed by Chief Justice Kennedy in her official capacity as Chief Justice.

35. Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and such allegations are, therefore, denied.

36. Defendants deny the allegations in Paragraph 42 and deny that Plaintiff is entitled to relief.

37. Defendants deny the allegations in Paragraph 43.

38. Defendants incorporate the preceding paragraphs as if set forth herein.

39. Paragraph 45 contains legal conclusions that do not require a response. To the extent a response is required, Defendants admit the allegations in Paragraph 45.

40. Paragraph 46 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 46.

41. Paragraph 47 contains legal conclusions that do not require a response. To the extent a response is required, Defendants admit only that a person may not be deprived of their ability to pursue a calling or occupation in a manner that contravenes the state or federal Constitutions.

Defendants deny that Plaintiff was deprived of his ability to pursue a calling or occupation in a manner that contravenes the state or federal Constitution, and deny that Plaintiff is entitled to relief. Further answering, the cited case speaks for itself.

42. Paragraph 48 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 48. Further answering, the cited case speaks for itself.

43. Paragraph 49 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 49.

44. Defendants deny the allegations in Paragraph 50.

45. Defendants deny the allegations in Paragraph 51.

46. Defendants deny the allegations in Paragraph 52.

47. Defendants deny the allegations in Paragraph 53.

48. Defendants deny the allegations in Paragraph 54.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and such allegations are, therefore, denied.

50. Defendants deny the allegations in Paragraph 56.

51. Defendants deny the allegations in Paragraph 57.

52. Defendants deny the allegations in Paragraph 58.

53. Defendants deny the allegations in Paragraph 59.

54. Defendants incorporate the preceding paragraphs as if set forth herein.

55. Paragraph 61 contains legal conclusions that do not require a response. To the extent a response is required, Defendants admit the allegations in Paragraph 61.

56. Paragraph 62 contains legal conclusions that do not require a response. To the extent a response is required, Defendants admit only that a person may not be excluded from the practice of law in a manner that contravenes the state or federal Constitutions. Defendants deny that Plaintiff was excluded from the practice of law in a manner that contravenes the state or federal Constitutions and deny that Plaintiff is entitled to relief. Further answering, the cited case speaks for itself.

57. Defendants deny the allegations in Paragraph 63.

58. Defendants deny the allegations in Paragraph 64.

59. Defendants deny the allegations in Paragraph 65, and specifically deny that anyone has been allowed to practice law upon proof of rehabilitation or present fitness and moral character "regardless of prior acts."

60. Defendants deny the allegations contained in Paragraph 66, and specifically deny taking any arbitrary action.

61. Defendants deny the allegations in Paragraph 67.

62. Defendants incorporate the preceding paragraphs as if set forth herein.

63. As to Paragraphs 69 through 76, this Court dismissed Plaintiff's Third and Fourth Causes of Action, and therefore no answer to the allegations in Paragraphs 69 through 76 is required. To the extent an answer is required, Defendants deny same.

## PRAYER FOR RELIEF

64. Defendants deny all allegations set forth in the Wherefore clause and Prayer for Relief and specifically deny that Plaintiff is entitled to any relief.

65. Any allegations not specifically answered herein, including but not limited to those contained in any titles or section headers, are hereby denied.

**WHEREFORE,** having answered Plaintiffs' Complaint, Defendants raise the following defenses, including affirmative defenses.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has not been deprived of any constitutional or statutory rights.

### SECOND DEFENSE

Defendants are entitled to Eleventh Amendment immunity.

### THIRD DEFENSE

Defendants are entitled to judicial immunity.

### FOURTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SIXTH DEFENSE

This Court lacks jurisdiction over Plaintiff's claims.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

### EIGHTH DEFENSE

The principal of constitutional avoidance bars Plaintiff's claims.

### NINTH DEFENSE

The challenged rule survives constitutional scrutiny.

### TENTH DEFENSE

Plaintiff's claims are barred by claim preclusion.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by issue preclusion.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendants reserve the right to supplement their Answer with additional defenses, including affirmative defenses, as litigation in this matter proceeds.

>Respectfully submitted,
>
>DAVE YOST (0056290)
>Ohio Attorney General
>
>*/s/ Stephen P. Tabatowski*
>STEPHEN P. TABATOWSKI (0099175)*
>**Lead Counsel*
>JAMES P. REISING (0102996)
>GREGORY A. RUSTICO (0104103)
>ANN YACKSHAW (0090623)
>Assistant Attorneys General
>Constitutional Offices Section
>30 East Broad Street, 16th Floor
>Columbus, Ohio 43215
>Tel: 614-466-2872 | Fax: 614-728-7592
>Stephen.Tabatowski@OhioAGO.gov
>James.Reising@OhioAGO.gov
>Gregory.Rustico@OhioAGO.gov
>Ann.Yackshaw@OhioAGO.gov
>
>*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically on April 11, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties can access the filing via the Court's system.

*/s/ Stephen P. Tabatowski*
STEPHEN P. TABATOWSKI (0099175)
Assistant Attorney General
