**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| STEVEN TERRY, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 2:24-cv-1200 |
| | ) | |
| v. | ) | Chief Judge Algenon L. Marbley |
| | ) | |
| SHARON L. KENNEDY, et al. | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**AMENDED RULE 26(f) REPORT**

Pursuant to the Court's order, *see* Doc. 21, and the parties' joint status report, *see* Doc. 26, the parties hereby submit this amended Rule 26(f) report.

1.      CONSENT TO MAGISTRATE JUDGE

The parties do not consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

2.      INITIAL DISCLOSURES

The parties have agreed not to exchange initial disclosures.

3.      JURISDICTION AND VENUE

Defendants contest subject-matter jurisdiction to the extent Plaintiff's remaining claims complain of an injury caused by a previous state court judgment.

The parties agree that any motion related to jurisdiction shall be filed by June 2, 2025.

There are no contested issues related to venue.

4.      PARTIES AND PLEADINGS

The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by May 23, 2025.

5.      MOTIONS

There are no currently pending motions.

6.    ISSUES

The remaining issues presented in this case are primarily of a legal nature. The parties agree that, following the Court's order on Defendants' motion to dismiss, Plaintiff's remaining claims are against Defendants in their official capacities and assert (1) a substantive due process deprivation-of-liberty claim "that the Disbarment Rule is not rationally related to a legitimate government interest," ECF No. 22 at PageID 1116, and (2) an equal protection claim that "the Disbarment Rule treats those Disbarred differently than other, similarly situated people" without a rational basis, *id.*, at PageID 1118-19.

7.    DISCOVERY PROCEDURES

a. SCOPE OF DISCOVERY:

**Defendants' position:**

As narrowed by the Court's order on Defendants' motion to dismiss, the remaining issues in this case can be summarized as whether the Disbarment Rule (1) facially deprives those disbarred of a substantive due process liberty interest without a rational basis, and (2) facially treats those disbarred differently from others similarly situated without a rational basis.

These issues are primarily of a legal nature and dictate the scope of discovery accordingly. As such, Defendants anticipate offering expert testimony on the State's interests and how the Disbarment Rule rationally serves those interests.

Facts regarding prior conduct of Defendants, including discovery regarding the facts of prior disciplinary decisions, are not relevant to the issues remaining in this case as narrowed by the Court. Further, the facts underlying any prior disciplinary decisions have already been adjudicated by a state court of competent jurisdiction.

Defendants intend to seek a protective order should Plaintiff seek the deposition of any Defendant.

**Plaintiff's position:**

The Plaintiff initially issued written discovery to Defendants on August 20, 2024. However, Defendants filed the 12(b) Motion to Dismiss. Plaintiff agreed to stay responses to discovery until the Court ruled on said Motion.

Plaintiff now re-issues said discovery on April 25, 2025.

Subsequent to responses to discovery, Plaintiff will seek depositions of relevant Defendants/staff.

b. DISCOVERY TIMELINE:

The parties agree that:

1.  On April 25, 2025, Plaintiff re-issued his previously submitted discovery requests. Defendants' responses shall be due May 26, 2025.

2.   All fact discovery shall be completed by October 24, 2025.

2

8.    DISPOSITIVE MOTIONS

Dispositive motions shall be filed by January 26, 2026.

The parties do not request expedited briefing on dispositive motions.

9.    EXPERT TESTIMONY

Expert reports shall be produced by November 24, 2025.

10.    SETTLEMENT

Defendants do not believe that settlement is likely.

Plaintiff does believe settlement is possible and requests this matter be set for mediation after the close of discovery.

Plaintiff has submitted a demand on April 25, 2025.

11.    RULE 16 PRETRIAL CONFERENCE

Defendants do not request a scheduling conference.

Plaintiff would like a pre-trial after discovery is closed.

12.    OTHER MATTERS

None.


Dated April 25, 2025.

Signatures:


**EDWARD L. GILBERT CO., L.P.A.**

Edward L. Gilbert (0014544)
3070 West Market Street, Suite 100
Akron, OH 44333
(330) 376-8855 Telephone
(330) 376-8857 Facsimile
egilbert@edwardlgilbert.com
*Counsel for Plaintiff*

3

DAVE YOST (0056290)
Ohio Attorney General

STEPHEN P. TABATOWSKI (0099175)*
*Lead Counsel
JAMES P. REISING (0102996)
GREGORY A. RUSTICO (0104103)
ANN YACKSHAW (0090623)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Stephen.Tabatowski@OhioAGO.gov
James.Reising@OhioAGO.gov
Gregory.Rustico@OhioAGO.gov
Ann.Yackshaw@OhioAGO.gov

*Counsel for Defendants*

4