UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


STEVEN TERRY,

        Plaintiff,

    v.                            Civil Action 2:24-cv-1200
                                   Judge Algenon L. Marbley
                                   Magistrate Judge Chelsey M. Vascura

SHARON L. KENNEDY, *et al.*,

        Defendants.


### ORDER

      This matter came before the Court for a telephonic discovery conference on November 18, 2025. All parties appeared and were represented by counsel. This Order memorializes the results of that conference.

      Plaintiff requested the conference to compel Defendants to supplement their written discovery responses and to appear for depositions. Defendants objected to many of Plaintiff's requests and deposition topics on the basis of the judicial mental process privilege. The undersigned offered general guidance that the judicial mental process privilege applies to Plaintiff's remaining claims. *See Perkins v. LeCureux*, 58 F.3d 214, 220 (6th Cir. 1995) ("[T]estimony of the mental processes of a judge [is] not to be considered.") (citing *Fayerweather v. Ritch,* 195 U.S. 276, 306–07 (1904)); *see also United States v. Morgan*, 313 U.S. 409, 422 (1941) ("an examination of a judge" "regarding the process by which he reached the conclusions of his order" "would be destructive of judicial responsibility. . . . [A] judge cannot be subjected to such a scrutiny . . . ."). The undersigned further ruled that discovery could

not be had from the Defendant Justices unless he or she "(1) possesses factual knowledge, (2) that knowledge is highly pertinent to the jury's task, and (3) is the only possible source of testimony on the relevant factual information." *United States v. Roth*, 332 F. Supp. 2d 565, 568 (S.D.N.Y. 2004); *see also Kananian v. Brayton Purcell, LLP*, No. 1:07 CV 3188, 2009 WL 10689208, at *7 (N.D. Ohio May 29, 2009) (requesting party failed to demonstrate that judge's factual testimony was highly pertinent or that judge was the only possible source); *France v. Chippewa Cnty.*, No. 2:20-CV-248, 2022 WL 20016164, at *2 (W.D. Mich. Apr. 14, 2022) (finding that the judges' testimony would be at best marginally relevant). Although the parties did not identify all the particular discovery requests in dispute, the undersigned was unable to locate any that could satisfy the *Roth* test.

Plaintiff argued that an exception to the mental process privilege exists when, as here, there is an allegation of "improper extraneous influences." But Plaintiff relies only on *In re Disqualification of Celebrezze*, 173 Ohio St. 3d 1281 (2023), for this proposition. *Celebrezze* made only a cursory mention of a possible exception for extraneous influences, and an Ohio Supreme Court decision is not binding in this federal litigation involving only federal claims. *See* Fed. R. Evid. 501 (federal common law governs privilege in federal litigation, unless state law provides the rule of decision for the claim in question). Nor are the out-of-circuit cases on which the Ohio Supreme Court relied binding on this Court. More importantly, Plaintiff's remaining claims do not involve allegations of bias in the implementation of the disbarment rule.

However, Plaintiff is correct that Defendant's objections on the basis of the *Rooker-Feldman* doctrine are unfounded. The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548 (cleaned up). But Plaintiff is not advancing any claim for review of his state-court disciplinary proceedings. He is seeking prospective, declaratory relief concerning the constitutionality of the disbarment rule in general to permit those who have been disbarred to petition for reinstatement. Thus, any objections by Defendants on the basis of *Rooker-Feldman* are overruled.

Next, Plaintiff seeks to depose the individual Defendant Justices under Federal Rule of Civil Procedure 30(b)(6). The judicial mental process privilege applies to deposition testimony as well as written discovery responses. And it appears that none of Plaintiff's Rule 30(b)(6) topics involve highly pertinent factual information that Plaintiff could not obtain from other sources (i.e., another representative of the State of Ohio). Thus, none of the Defendant Justices are appropriate Rule 30(b)(6) deponents. The State may offer one or more appropriate non-judge witnesses to testify to unobjectionable topics.

Finally, Plaintiff seeks an extension of the case schedule to complete outstanding discovery. The case schedule is extended as follows:

- The discovery deadline for written fact discovery and fact witness depositions is extended *for the limited purpose* of completing outstanding discovery (i.e., no new discovery may be propounded) until **March 16, 2026**;

- The expert discovery deadline is extended to **April 16, 2026**; and

- Any dispositive motions must be filed by **May 18, 2026**.

3

In sum, Plaintiff's oral motion to compel Defendants to supplement their written discovery responses and appear for deposition is **GRANTED IN PART and DENIED IN PART** as outlined above. Plaintiff's oral motion to extend the case schedule is **GRANTED**.

       **IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE